**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

FILED

2026 APR 20 P 3: 54

|  |  |  |
|---|---|---|
| **TODD KERVIN LEGRANT SR.** | ) | |
| 15665 Avocet Loop | ) | |
| Woodbridge, VA 22191, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-1077-PTG-IDD |
| | ) | |
| **TODD WALLACE BLANCHE,** | ) | |
| **Acting Attorney General of the** | ) | |
| **United States, in his official capacity** | ) | |
| **U.S. Department of Justice** | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

### I.  INTRODUCTION

1.   This action arises from Defendant's reliance on a mandatory employment screening administered without reasonable or fair procedural safeguards, despite advance notice of Plaintiff's disabilities and religious beliefs, and Defendant's subsequent maintenance and use of records derived from that defective process, including records reflecting an unsubstantiated allegation of foreign contact and polygraph-based deception.

2.   Plaintiff does not challenge the general use of polygraph examinations, the scientific validity of polygraph methodology, or the merits of any security-clearance or suitability

determination. Plaintiff does not seek judicial review of the merits of any security-clearance determination, nor reinstatement of any clearance. Plaintiff challenges only Defendant's employment-related processes and statutory compliance, including the denial of reasonable accommodation, the failure to provide fair procedural safeguards, and the maintenance and use of records generated by those unlawful processes.

3.    The screening was administered despite Defendant's advance notice of Plaintiff's disabilities and sincerely held religious beliefs, and Defendant refused to provide reasonable accommodation or basic procedural safeguards.

4.    Defendant's refusal to provide reasonable accommodation or procedural adjustment during a mandatory screening—despite notice of Plaintiff's disabilities—resulted in the creation and maintenance of unreliable records and arbitrary adverse employment action, in violation of the Rehabilitation Act of 1973, the Privacy Act, the Administrative Procedure Act ("APA"), and the Fifth Amendment's Due Process Clause.

## II.    JURISDICTION AND VENUE

5.    This Court has jurisdiction pursuant to 5 U.S.C. § 552a(g)(1) and 28 U.S.C. § 1331.

6.    Jurisdiction is proper under:

- o   The Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794;
- o   Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16;
- o   The Administrative Procedure Act, 5 U.S.C. §§ 701–706; and
- o   The Fifth Amendment to the United States Constitution.

7.    Venue is proper in this District of Virginia under 28 U.S.C. § 1391(e) because Plaintiff resides here, the records are maintained and used here, the employment actions, polygraph examination, and termination occurred here, and Defendant performs official duties here.

## III.   THE PARTIES

8.    Plaintiff Todd K. LeGrant. Sr. is a United States citizen and former federal contractor with over twenty-two (22) years of continuous clearance-eligible service.

9.    Defendant Todd Wallace Blanche is the Acting Attorney General of the United States and is sued in his official capacity as the head of the Department of Justice, which includes the Federal Bureau of Investigation, hereafter referred to as "Defendant."

## IV.   FACTUAL BACKGROUND

### A.    Plaintiff's Employment and Clearance History

10.    Plaintiff previously held a Department of Defense Secret clearance for approximately fifteen (15) years, later adjudicated to a Top Secret clearance, and also held additional federal clearances, including a DHS-TSA clearance, earlier in his career.

11.    Over more than two decades, Plaintiff remained in good standing, without any adverse security findings, or substantiated allegations of foreign national contact.

### B.    Plaintiff's Disabilities and Accommodation History

12.    Plaintiff has longstanding medical conditions affecting anxiety, cognitive endurance, and the ability to tolerate prolonged, repetitive interrogative questioning.

13.    These conditions have been documented by medical providers as early as 2002 and reaffirmed between 2015 and 2022.

14.    Within the last four years, independent testing organizations, including CompTIA, Microsoft, and Pearson VUE, granted Plaintiff disability-based testing accommodations based on these same conditions.

### C.    Disclosure of Disabilities and Religious Belief

15.    Prior to and during the April 8, 2024 polygraph examination, Plaintiff disclosed his disabilities, functional limitations, medication effects, and attempted to provide medical documentation.

16.    Plaintiff also disclosed a sincerely held religious belief prohibiting intentional misrepresentation or false statements during interrogative questioning.

17.    The examiner stated that Plaintiff's religious belief would "present a problem."

### D.    The Polygraph Examination

18.    The examination lasted approximately three (3) hours and involved extensive repetition of interrogative questions.

19.    Despite notice of Plaintiff's limitations, the examiner refused to accept medical documentation, did not modify the examination, and failed to refer the matter for reasonable accommodation review.

20.    Plaintiff experienced severe cognitive fatigue, heightened anxiety, and diminished concentration during the examination, consistent with the disclosed conditions.

### E.    Records At Issue

21.    Defendant maintains records concerning Plaintiff within systems of records subject to the Privacy Act, including polygraph and adjudicative records.

22.    These records include notations reflecting alleged deception and undisclosed foreign national contact.

4

**F.      Lack of Substantiation and Procedural Safeguards**

23.     Defendant has never identified any specific foreign national, date, event, or factual basis supporting this allegation.

24.     Plaintiff was never provided notice of the factual basis for the allegation, nor any opportunity to rebut, mitigate, or clarify it.

25.     Defendant treated the screening result as dispositive and recorded a "Loss of Jurisdiction" ("LOJ") on December 12, 2024.

26.     The LOJ designation operates as a functional bar to Plaintiff's ability to obtain or maintain federal employment or contracting, regardless of qualifications or prior service.

27.     Plaintiff's employment eligibility was terminated, resulting in substantial economic harm and reputational damage.

28.     Through discovery and administrative records, Defendant has admitted or demonstrated that no documentary evidence substantiating such contact exists.

29.     Defendant failed to engage the Reasonable Accommodation Program, conduct a medical review, or consider Plaintiff's extensive prior clearance history.

**V.      CLAIMS FOR RELIEF**

**COUNT I – REHABILITATION ACT**

**(FAILURE TO ACCOMMODATE AND UNLAWFUL SCREENING)**

30.     The allegations of Paragraphs 1-29 are hereby incorporated by reference.

31.     Defendant was on notice that Plaintiff's disabilities, medication effects, exhaustion and acute anxiety materially impaired his ability to participate meaningfully and establish a reliable baseline.

5

32.    Defendant refused to engage in the interactive process or provide reasonable accommodation, postponement, or procedural adjustment.

33.    As applied, the screening measured disability-related physiological manifestations rather than job-related suitability criteria and was not consistent with business necessity.

34.    Defendant relied on the resulting determination as dispositive, in violation of the Rehabilitation Act.

## COUNT II – TITLE VII

## (RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODATE)

35.    The allegations of Paragraphs 1-34 are hereby incorporated by reference.

36.    Plaintiff disclosed a sincerely held religious belief prohibiting intentional misrepresentation.

37.    Defendant acknowledged the conflict and refused to consider any accommodation or alternative procedure.

38.    Defendant proceeded without modification and relied on constrained responses as adverse.

39.    Defendant's actions constitute discrimination on the basis of religion in violation of Title VII.

## COUNT III - APA

## (ARBITRARY AND CAPRICIOUS AGENCY ACTION)

40.    The allegations of Paragraphs 1-39 are hereby incorporated by reference.

41.    Defendant acted arbitrarily and capriciously by relying on a screening result distorted by known disability-related impairments.

42.     Defendant failed to consider relevant factors and relied on factors Congress did not intend to be dispositive, including disability-distorted physiological responses and unsubstantiated allegations.

43.     Defendant failed to articulate a rational connection between the facts found and the adverse determination.

44.     Defendant relied on an unsubstantiated screening result, failed to follow its own procedures, denied rebuttal, and ignored relevant evidence.

45.     Defendant's actions were arbitrary, capricious, and not in accordance with law.

46.     This claim challenges agency decision-making process and record-based reasoning, not the constitutional adequacy of notice or hearing.

## COUNT IV – FIFTH AMENDMENT
## (PROCEDURAL DUE PROCESS)

47.     The allegations of Paragraphs 1-46 are hereby incorporated by reference.

48.     This claim challenges the absence of notice and opportunity to respond prior to deprivation, independent of whether agency procedures were otherwise followed.

49.     Plaintiff possessed protected liberty and property interests in continued eligibility for federal employment and contracting absent lawful, procedurally valid disqualification.

50.     Defendant deprived Plaintiff of those interests without notice, transparency, or an opportunity to respond.

51.     Defendant's reliance on an unreliable, undisclosed, and unchallengeable screening result violated procedural due process.

## COUNT V – PRIVACY ACT
## (FAILURE TO MAINTAIN ACCURATE RECORDS)

52.     The allegations of Paragraphs 1-51 are hereby incorporated by reference.

7

53.     Defendant failed to ensure records were accurate, relevant, timely, and complete.

54.     The records were derived from a procedurally defective screening and lack factual substantiation.

55.     But for Defendant's maintenance and use of these inaccurate records in employment eligibility determinations, Plaintiff would not have suffered termination of employment eligibility or ongoing exclusion from federal work.

## COUNT VI – PRIVACY ACT

### (IMPROPER USE AND DISSEMINATION)

56.     The allegations of Paragraphs 1-53 are hereby incorporated by reference.

57.     Defendant disseminated disputed records without taking reasonable steps to assure accuracy.

58.     Such dissemination caused adverse effects on Plaintiff.

## COUNT VII – PRIVACY ACT

### (WILLFUL AND INTENTIONAL CONDUCT)

59.     The allegations of Paragraphs 1-58 are hereby incorporated by reference.

60.     Defendant acted willfully or intentionally by continuing to rely on known inaccurate records.

61.     Plaintiff suffered actual damage as a result.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Declare that Defendant violated the Rehabilitation Act, Title VII, the APA, and the Fifth Amendment;

2.      Enjoin Defendant from maintaining or relying on inaccurate records;

3.      Order correction or expungement of inaccurate records;

4.     Remand for lawful process consistent with due process;

5.     Award actual damages and equitable relief as authorized by statute;

6.     Award costs and reasonable attorney's fees; and

7.     Grant such other relief as the Court deems just and proper.

## VII.   JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Todd K. LeGrant, Sr., *Pro Se*
15665 Avocet Loop
Woodbridge, VA 22191
Phone: 202.579.2026
Email: toddlegrant@icloud.com

Dated: April 20, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
~~Fxxl~~ _Alexandria_ DIVISION

Todd K. LeGrant, Sr.
_____
Plaintiff(s),

v.

Todd Wallace Blanche, Acting
Attorney General of U.S.
_____
Defendant(s),

Civil Action Number: 1:26·CV-1047

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of ___Complaint___.

(Title of Document)

Todd K. LeGrant, Sr.
_____
Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on: April 20, 2026 (Date)
                    2026            OR

The following attorney(s) prepared or assisted me in preparation of _____.

(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

Prepared, or assisted in the preparation of, this document.

___N/A___
(Name of _Pro Se_ Party (Print or Type)

___N/A___
Signature of _Pro Se_ Party

Executed on: _____ (Date)